UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in August 1, 2024

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. |
| v. | VIOLATIONS: |
| DEVONTEE PARKER, | 18 U.S.C. §§ 1591(a)(1) and (b)(1) (Sex Trafficking by Force, Fraud, or Coercion) |
| Defendant. | |
| | 18 U.S.C. § 2421(a) (Transportation for the Purpose of Prostitution) |
| | 18 U.S.C. § 1952(a)(3)(A) (Interstate Travel and Transportation in Aid of Racketeering) |
| | 18 U.S.C. § 1594(d), 18 U.S.C. § 2428(a), and 21 U.S.C. § 853(p) (Forfeiture Allegation) |

## INDICTMENT

The Grand Jury Charges that:

### COUNT ONE

Between on or about March 1, 2021, and on or about April 30, 2024, within the District of Columbia and elsewhere, the defendant, **DEVONTEE PARKER**, did, in and affecting interstate commerce, knowingly recruit, entice, harbor, transport, provide, obtain, advertise, and maintain by any means, A.L., whose identity is known to the Grand Jury, knowing and in reckless disregard

of the fact that means of force, fraud, and coercion, and any combination of such means, would be used to cause A.L. to engage in a commercial sex act.

**(Sex Trafficking by Force, Fraud, or Coercion**, in violation of Title 18, United States Code, Sections 1591(a)(1), (b)(1))

## COUNT TWO

Between on or about March 1, 2021, and on or about April 30, 2024, the defendant, **DEVONTEE PARKER**, within the District of Columbia and elsewhere, did knowingly transport A.L., whose identity is known to the Grand Jury, in interstate commerce with the intent that A.L. engage in prostitution and in any sexual activity for which any person can be charged with a criminal offense.

**(Transportation for the Purpose of Prostitution**, in violation of Title 18, United States Code, Section 2421(a))

## COUNT THREE

Between on or about March 1, 2021, and on or about April 30, 2024, within the District of Columbia and elsewhere, in and affecting interstate commerce, the defendant, **DEVONTEE PARKER,** knowingly traveled in interstate commerce and used an instrumentality of interstate commerce, including cell phones and the internet, with intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment, and carrying on of prostitution offenses in violation of the laws of the District of Columbia and the United States involving A.L., whose identity is known to the Grand Jury, and thereafter performed and attempted to perform an act to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of such unlawful prostitution activity.

**(Interstate Travel and Transportation in Aid of Racketeering,** in violation of Title 18, United States Code, Section 1952(a)(3)(A))

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One of this Indictment, the defendant, **DEVONTEE PARKER,** shall forfeit to the United States (1) his interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violations; and (2) any property, real or personal, constituting or derived from any proceeds that he obtained, directly or indirectly, as a result of such violations, pursuant to Title 18, United States Code, Section 1594(d). The United States will also seek a forfeiture money judgment equal to the value of any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violations; and any property, real or personal, constituting or derived from any proceeds that he obtained, directly or indirectly, as a result of such violations.

2. Upon conviction of the offense alleged in Count Two of this Indictment, the defendant, **DEVONTEE PARKER,** shall forfeit to the United States (1) his interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violations; and (2) any property, real or personal, constituting or derived from any proceeds that he obtained, directly or indirectly, as a result of such violations, pursuant to Title 18, United States Code, 2428(a). The United States will also seek a forfeiture money judgment equal to the value of any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violations; and any property, real or personal, constituting or derived from any proceeds that he obtained, directly or indirectly, as a result of such violations.

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. Section 853(p).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Sections 1594(d), 2428(a), and Title 21, United States Code, Section 853(p))

A TRUE BILL

FOREPERSON

*Edward Martin* /JJ1

EDWARD MARTIN
United States Attorney